UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY GRAHAM,

    Plaintiff,

v.

ADIENT US LLC,

    Defendant.

Case No. 25-11471
Honorable Laurie J. Michelson

---

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS [9]**

---

Jeffrey Graham brough this *pro se* lawsuit alleging that his former employer, Adient US, LLC, wrongfully terminated him in retaliation for "submitting lawful tax avoidance forms and for demanding due process in connection with disciplinary actions." (ECF No. 1, PageID.3.) Adient moved to dismiss, arguing that the Court lacks subject matter jurisdiction and that Graham's claims are factually deficient. (ECF No. 9.) Graham did not file a response. Because the Court agrees that Graham's complaint fails to state a claim it will GRANT the motion to dismiss.

## I.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the following allegations from the complaint as true.

Jeffrey Graham worked for Adient as a tool repair technician at its Battle Creek, Michigan facility. (ECF No. 1, PageID.2.) On June 11, 2024, he repaired a press machine "following a reported equipment failure." (*Id.*) After he completed the

repair, a co-worker with "a documented history of hostility toward Graham" told management that he had improperly repaired the machine. (*Id.*) Adient then issued a disciplinary action against Graham "without conducting a fair and impartial investigation" against him. (*Id.*) Two days later, the same co-worker "falsely accused Graham of making a threatening statement" and "management confronted" Graham about it "without providing details on the allegation." (*Id.*)

Later in August of 2024, Graham "lawfully submitted updated employment documentation including a I-9 and W-8BEN, asserting lawful rights of tax avoidance." (*Id.* at PageID.3.)[1] Shortly thereafter, he was terminated. (*Id.*) Adient provided "no specific cause" or any explanation for his termination. (*Id.*)

So, on May 19, 2025, Graham filed this lawsuit asserting claims of (1) wrongful termination, (2) defamation of character, (3) retaliation, and (4) breach of contract. (*See generally* ECF No. 1.) Now before the Court is Adient's motion to dismiss. (ECF No. 9.)

## II.

In deciding a motion to dismiss under Rule 12(b)(6), the Court "construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual

---

[1] According to Adient those "lawful tax avoidance forms" Graham submitted were actually Graham's attempt to declare himself a "non-citizen national"—i.e., a sovereign citizen. (*See* ECF No. 9, PageID.32–35.) It attaches a letter Graham sent to Adient's Human Resources Department where Graham threatens to "report" the company "if it were to force [Graham] to falsely represent [himself] as a US citizen" (*id.* at PageID.32) and asking the company to "purge[] and delete[]" his Social Security number from the company's systems because that identifier "is NOT [his] and its FRAUD (felony) to continue to have it, use it or report it" (*id.* at PageID.34).

2

allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Adient contends that the complaint does not pass muster. Graham did not file a response. Thus, Adient's motion to dismiss is unopposed. *See* E.D. Mich. LR. 7.1(c)(1).[2] What that means in this Circuit is not entirely clear. Some cases suggest the motion can be granted for that reason alone because plaintiff has abandoned any potential arguments. *See, e.g.*, *Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision) (affirming district court's grant of the defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."); *see also Bazinski v. JPMorgan Chase Bank, N.A.*, No. 13-14337, 2014 WL 1405253, at *2 (E.D. Mich. Apr.

---

[2] Curiously, Graham did file a one-page motion to strike Adient's "affirmative defenses" pursuant to Federal Rule of Civil Procedure 12(f). (ECF No. 13.) In it, Graham says that "[Adient's] answer includes boilerplate affirmative defenses which are conclusory, legally insufficient, and devoid of factual support." (*Id.*) The problem, as Adient highlights, is that Adient never filed an answer, nor presented any affirmative defenses in this case. (ECF No. 15.) Instead, it filed a motion to dismiss. The Court finds that nothing in Graham's motion strike could be construed as a response to Adient's motion to dismiss.

3

11, 2014) (citing cases) ("Claims left to stand undefended against a motion to dismiss are deemed abandoned."). But the Sixth Circuit has also suggested that a district court cannot grant a motion to dismiss for failure to state a claim on the sole ground that a plaintiff has failed to respond pursuant to a local rule. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

Thus, for good measure the Court has reviewed the merits of the motion to dismiss to determine whether defendant has satisfied its burden.

## III.

But before turning to a Rule 12(b)(6) analysis, the Court must first determine whether it has subject matter jurisdiction over Graham's claims. *See Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) ("Subject matter jurisdiction is always a threshold determination."); *see also* Fed. R. Civ. P. 12(b)(1) and 12(h)(3).

In his complaint, Graham claims that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. It is true, as Adient highlights, that Graham fails to "identify any federal statute or regulation as a basis for relief." (ECF No. 9, PageID.26.) Instead, Graham merely says that Adient "wrongfully terminated [him] without just cause" in violation of his "federal labor rights" and "federal labor protections." (ECF No. 1, PageID.3.) But Graham has counts for wrongful termination and retaliation. (ECF No. 1, PageID.3.) And the Court is obligated to construe Graham's *pro s*e complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). So it will construe these claims as arising under Title VII of the Civil Rights Act.

4

Adient is nonetheless correct that Graham has failed to state a plausible federal claim. First, as for Graham's wrongful termination claim, he provides no information about how or when he was terminated. More significantly, there are no allegations that pertain to any unlawful discrimination. Next, it appears his retaliation claim is based on submitting "lawful tax avoidance forms." But Graham made no allegations to support that he was terminated for engaging in protected conduct. *See* 42 U.S.C. § 2000e-3(a); *Trujillo v. Henniges Automotive Sealing Sys. North Am., Inc.*, 495 F. App'x 651, 653–54 (6th Cir. 2012) ("To establish a prima face case of retaliation under Title VII, the terminated employee must show that . . . he engaged in protected activity."). As Adient puts it, "[w]ithout alleging a protected activity, the retaliation claim cannot proceed." (ECF No. 9, PageID.25.) And Graham provides no case law that submitting this paperwork to his employer rises to the level of constitutionally-protected conduct. So these claims must be dismissed.

Graham's state law defamation claim is equally deficient. To plead defamation, a plaintiff must allege: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault amounting at least to negligence; and (4) either defamation per se or special harm. *Reighard v. ESPN, Inc.*, 991 N.W.2d 803, 810 (Mich. Ct. App. 2022) (citing *Smith v. Anonymous Joint Enter.*, 793 N.W.2d 533, 540 (Mich. 2010)). But Graham provides no information about what anyone at Adient said that was defamatory—just that Adient's reliance on "unsubstantiated allegations caused harm to [his] personal and professional reputation." (ECF No. 1, PageID.3.) Such conclusory legal assertions, without more,

are insufficient to state a claim. *See Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (cleaned up).

Likewise, Graham's breach of contract claim falls short. "A party claiming breach of contract must show (1) that there was a contract, (2) that the other party breached the contract, and (3) that the party asserting breach of contract suffered damages as a result of the breach." *Total Quality, Inc. v. Fewless*, 958 N.W.2d 294, 302 (Mich. Ct. App. 2020) (internal quotation omitted). Graham alleges that Adient violated the parties' collective bargaining agreement by "fail[ing] to adhere to grievance procedures, disciplinary standards, and termination protections." (ECF No. 1, PageID.4.) But he fails to cite any specific contractual provision, provide a copy of the contract, or explain what exactly Adient did that would violate a specific provision of the contract. So this claim must also be dismissed.

## IV.

For the reasons above, the Court GRANTS Adient's motion to dismiss (ECF No. 9). Accordingly, Graham's motion to strike the motion to dismiss is DENIED as moot (ECF No. 13) and this case is DISMISSED.

SO ORDERED.

Dated: July 11, 2025

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE